IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01743-PAB

ROBERTO HERNANDEZ PLAZA,

      Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility,
GEORGE VALDEZ, Field Office Director for Denver Immigration and Customs Enforcement,
TODD LYONS, Director of Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, Acting Attorney General of the United States,

      Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Roberto Hernandez Plaza's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 12. Petitioner filed a reply. Docket No. 13.

## I.    BACKGROUND[1]

Petitioner is a native and citizen of Mexico who entered the United States without inspection in or around May 2021. Docket No. 1 at 5, ¶ 12. Petitioner was not apprehended at the time of entry. *Id.* On or about March 3, 2026, Immigration and Customs ("ICE") enforcement lodged a detainer with Uinta County Detention Center in Evanston, Wyoming, where petitioner was being held. Docket No. 12-1 at 3, ¶ 6. On

---

[1] The following facts are undisputed unless otherwise noted.

March 4, 2026, upon petitioner's release from state custody, ICE officers detained petitioner.  Docket No. 1 at 5, ¶ 17; Docket No. 12-1 at 3, ¶ 8.  The Department of Homeland Security issued a Notice to Appear that charged petitioner with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) and placed petitioner into removal proceedings.  Docket No. 1 at 5-6, ¶ 18; Docket No. 12-1 at 4, ¶ 10.

On April 23, 2026, petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Docket No. 1.  Petitioner brings claims alleging violations of his Fifth Amendment right to due process, arguing that petitioner has not been provided a constitutionally adequate bond hearing under 8 U.S.C. § 1226, his detention is arbitrary, and respondents lack individualized justification for his detention.  *Id.* at 8-12.  Petitioner requests, among other things, that the Court order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).  *Id*. at 13-14.

## II.    ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  *Id.* at 6-8, ¶¶ 29-40; Docket No. 12 at 3-6.  Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a), and not § 1225(b)(2), because § 1226(a) applies to noncitizens, like petitioner, who are detained within the United State and placed in removal proceedings.  *See* Docket No. 1 at 7, ¶ 30.  Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing.  *See id*. at 10, ¶¶ 53-54.  Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are present in the United States without being admitted or paroled.  Docket No. 12 at 3-6.

2

Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.  *See id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025).  The Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents identify no reasons why this case differs from the previous cases the Court has already ruled on.  *See generally* Docket No. 12.  The Court finds no distinguishing material facts between this case and *Alfaro Orellana*.  Thus, the Court will grant the habeas petition for the same reasons it did in *Alfaro Orellana*.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).  The Court will grant the habeas petition pursuant to § 1226 and will

order respondents to provide petitioner a bond hearing[2] within seven days of the date of this order.[3]

## III.   CONCLUSION

Therefore, it is

**ORDERED** that petitioner Roberto Hernandez Plaza's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that, within **seven days** of the date of this Court's order, respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a), where the government shall bear the burden of proving that petitioner's continued detention is justified.[4]  It is further

---

[2] Rather than order petitioner's release, the Court will order respondents to provide petitioner a bond hearing.  *See Loa Caballero v. Baltazar,* No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) ("The Court finds that an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court.").

[3] Because the Court will grant the habeas petition on the basis of petitioner's detention violating § 1226(a), it will not reach petitioner's remaining claims and requests for relief.  *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

[4] The burden of proof at the bond hearing will be on the government.  *See Abanil v. Baltazar*, No. 25-cv-4029-WJM-STV, 2026 WL 100587, at *8 (D. Colo. Jan. 14, 2026) ("the weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing") (internal quotation, alteration, and citation omitted) (collecting cases); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) ("the Court sides with the majority of courts in this District that have found that it is more appropriate for the government to bear the burden of proof in this context").

ORDERED that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED May 19, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge